**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
Alexander H. Lim, Esq. (297525)
alex@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Manal Ereikat

*KAZEROUNI LAW GROUP, APC*
*245 FISCHER AVENUE, UNIT D1*
*COSTA MESA, CA 92626*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MANAL EREIKAT,** | **Case No.:** |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| v. | |
| **MICHAEL & ASSOCIATES, PC,** | I.    **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692 *ET SEQ.*; AND,** |
| Defendant. | II.    **NEGLIGENCE** |
| | **JURY TRIAL DEMANDED** |

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. MANAL EREIKAT ("Plaintiff"), by Plaintiff's attorneys, bring this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, to challenge the illegal actions of MICHAEL & ASSOCIATES, PC ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

///

_____

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

4.   Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.   Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7.   Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

### JURISDICTION AND VENUE

8.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

9.   This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"); and, (ii) negligence.

10.  Because Defendant conducts business within the State of California, personal jurisdiction is established.

11.  Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff reside in the County of San Mateo, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducts business within this judicial district, including filing an action against Plaintiff entitled *American Express Centurion Bank v. Manal Ereikat, et al.*, court case no.: CLJ-527880 (the "Collection Action").

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**PARTIES**

12. Plaintiff is a natural person who resides in the County of San Mateo, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company whose State of Incorporation and principal place of business are in the State of California.

14. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

**FACTUAL ALLEGATIONS**

16. At all times relevant, Plaintiff is an individual residing within the State of California.

17. Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendant conducted business in the State of California.

18. Sometime prior to 2014, Plaintiff, is alleged to have incurred financial obligations to the original creditor, American Express Centurion Bank ("American Express"), that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5).

///

---

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

19. The alleged financial obligations were allegedly incurred for personal, family and household purposes.

20. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently disputes the validity of this

21. Sometime prior to April 2014, American Express allegedly assigned, placed, or otherwise transferred, to Defendant the right to collect the alleged debt.

22. In that regard, Defendant initiated the Collection Action on April 10, 2014 against Plaintiff seeking to collect more than $11,000.00.

23. In November 2014, Plaintiff amicably resolved the State Action with Defendant via Stipulation for Conditional Entry of Judgment pursuant to California Civil Code § 664.6 (the "Stipulation")

24. This Stipulation required Plaintiff to pay monthly installments on or before the 27th of each month.  Moreover, the Stipulation also required Defendant to contact Plaintiff's previous counsel, Tamara Trawick, Esq. ("Ms. Trawick"), via e-mail in the event that Plaintiff defaulted on the Stipulation.  Following notice of Plaintiff's default, Plaintiff was permitted seven days to cure any alleged default.

25. Subsequently, Defendant provided the required notice of default to Mrs. Trawick via e-mail and U.S. Mail dated February 12, 2015.  Said written communication informed Mrs. Trawick that Plaintiff was required to cure the alleged default by February 19, 2015.

26. In accordance with the Stipulation, Plaintiff cured Plaintiff's default on February 19, 2015.

27. Thereafter, Plaintiff also made payments to Defendant on March 19, 2015; and, April 7, 2015 to satisfy Plaintiff's obligations pursuant to the Stipulation.

28. Despite receipt of these payments, Defendant through Lisa D. Dubowski, defense counsel, moved for an Order Vacating the Stipulation and Entering Judgment against Plaintiff in the State Action (the "Application").

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

29. The Application falsely asserted that Plaintiff failed to cure Plaintiff's default on or before February 19, 2015. Thus, Defendant requested the State Court enter judgment against Plaintiff.

30. Despite receipt of payment, Defendant erroneously obtained a judgment against Plaintiff on April 9, 2015.

31. As a result of this situation, Plaintiff has experienced severe anxiety and emotional distress. In addition, Defendant's misrepresentations have also cause marital turmoil for Plaintiff.

32. Through this conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress and abuse Plaintiff in connection with the collection of Plaintiff's alleged debt.

33. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt.

34. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character of Plaintiff's alleged debt.

35. Through this conduct, Defendant violated 15 U.S.C. § 1692e(5) by taking action against Plaintiff that Defendant was not legally entitled to take.

36. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt.

37. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt.

38. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating Plaintiff's alleged debt nor permitted by law.

39. As alleged herein, Defendant engaged in collection practices in violation of federal law. Specifically, Defendant violated 15 U.S.C. §§ 1692d; 1692e; 1692e(2)(A); 1692e(5); 1692e(10); 1692f; and, 1692f(1).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

42. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### NEGLIGENCE

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Plaintiff believes and thereon alleges that Defendant owed various duties to Plaintiff pursuant to the FDCPA. Specifically, Defendant owed a duty to Plaintiff with regard to its manner of debt collection practices.

45. Defendant breached Defendant's duties by engaging in the acts described herein each in violation of the FDCPA.

46. Plaintiff asserts that Defendant is the actual and legal cause of Plaintiff's injuries.

47. Plaintiff believes and thereon alleges that as a proximate result of Defendant's negligence, Plaintiff has suffered severe emotional distress.

///

///

48. Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached Defendant's duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct establishes Defendant's conscious disregard for Plaintiff's rights and entitles Plaintiff to recover punitive damages from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendant individually;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually;

- General damages according to proof;

- Special damages according to proof;

- Loss of earnings according to proof;

- Costs of suit incurred herein;

- Punitive damages according to proof as to the Second Cause of Action against Defendant; and,

- Any and all other relief the Court deems just and proper.

///
///
///
///
///
///
///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 1 | **TRIAL BY JURY** |
| 2 | 49.  Pursuant to the seventh amendment to the Constitution of the United States of |
| 3 | America, Plaintiff is entitled to, and demands, a trial by jury. |
| 4 | |
| 5 | Dated:  August 18, 2015 | Respectfully submitted, |
| 6 | |
| 7 | **KAZEROUNI LAW GROUP, APC** |
| 8 | By:  ___ /s/ Matthew M. Loker ___ |
| 9 | MATTHEW M. LOKER, ESQ. |

By:  ___ /s/ Matthew M. Loker ___
          MATTHEW M. LOKER, ESQ.
          ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626